

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# Donahue v. US Postal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3493

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Donahue v. US Postal Ser" (2008). *2008 Decisions.* Paper 73.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/73

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3493
_____

JOHN J. DONAHUE,

Appellant

v.

UNITED STATES POSTAL SERVICE;
JOHN E. POTTER, POSTMASTER GENERAL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 05-CV-04998
District Judge: The Honorable Legrome D. Davis

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2008

Before: MCKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: December 19, 2008)
_____

OPINION
_____

SMITH, *Circuit Judge.*

John J. Donahue appeals from the order of the United States District Court for the

Eastern District of Pennsylvania, granting summary judgment in favor of the United States Postal Service (USPS) and Postmaster General John E. Potter. The District Court exercised jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 7703(b)(2). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we will affirm the order of the District Court.[1]

Donahue filed a civil action in 2005 alleging that he was discriminated against by his employer in violation of the Rehabilitation Act on the basis of a mental disability. According to Donahue, the USPS discriminated against him when it suspended him from work because of concerns about his fitness for duty, required that he submit to a psychiatric evaluation, and subsequently placed him on forced leave because he failed to submit to a third psychiatric evaluation. Donahue also alleged that the USPS retaliated against him because he filed a challenge with the Merit Systems Protection Board (MSPB) of the USPS's decision suspending him until it was determined he was fit to return to work. In a subsequent civil action, Donahue appealed the MSPB's decision, which concluded that the USPS did not err by imposing forced leave status in March of 2002.

After discovery, the parties filed cross-motions for summary judgment. The

---

[1]"We exercise plenary review over the District Court's grant of summary judgment and apply the same standard that the District Court should have applied." *Shuman ex rel Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (internal citations omitted).

District Court concluded that Donahue's discrimination and retaliation claims failed as a matter of law as Donahue failed to establish either a prima facie case or that the USPS's reasons for its actions were a pretext. In addition, because the MSPB's decision was supported by substantial evidence, the District Court refused to disturb it.

Donahue challenges the District Court's ruling on each of his claims. He asserted that he was discriminated against on the basis of a mental disability in violation of the Rehabilitation Act. With regard to the prima facie case, the District Court assumed that he had a disability and that he suffered an adverse employment action. It concluded, however, that he "failed to present any competent evidence that he was 'otherwise qualified[.]'" Dr. Bonovitz's report, however, was competent evidence, and it stated that Donahue was not a danger to himself or others. Thus, there was a genuine issue as to whether Donahue was fit for duty and therefore "otherwise qualified" for his job. For that reason, we conclude that Donahue adduced a prima facie case of discrimination.

The fact remains, however, that Dr. Bonovitz's report did not resolve all of the USPS's concerns about Donahue's fitness for duty. The USPS explained that its decision to suspend Donahue, to require a psychiatric examination, and to place him on forced leave status was based on its inability, after reviewing Dr. Bonovitz's report, to determine whether Donahue was in fact fit for duty. The District Court concluded that this was a legitimate, nondiscriminatory reason for the USPS's actions, and that Donahue failed to show that this reason was pretextual.

3

Donahue does not explain how the District Court erred in its determination that he failed to cast doubt on the USPS's proffered reasons for its actions. Because Donahue has not identified any evidence that would cast doubt on the proffered reasons for the actions that were taken, and because we cannot discern any basis that the USPS's reason is a pretext, we will affirm the District Court's grant of summary judgment on Donahue's claim of discrimination under the Rehabilitation Act. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

Donahue's retaliation claim was defeated on summary judgment on the same grounds as his claim for discrimination. On appeal, Donahue argues in a single page that there is sufficient evidence to show a causal connection because of the ongoing activity before the EEOC and MSPB regarding his leave status. This is plausible, and we conclude that Donahue adduced sufficient evidence to establish a prima facie case. Donahue does not take issue, however, with the District Court's determination that the USPS had a legitimate reason for its action. Inasmuch as the record supports the USPS's explanation and because there is no evidence casting doubt on the USPS's explanation, we will also affirm the District Court's grant of summary judgment on Donahue's retaliation claim.

Finally, we will affirm the District Court's grant of summary judgment on Donahue's appeal of the MSPB claim that his enforced leave was improper. The District Court concluded that the MSPB decision, which affirmed the AJ's decision, was

4

supported by substantial evidence.   After reviewing the record, we agree.